(112 App. Div. 493)

### FARWELL v. BOODY et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

PLEADING—BILL OF PARTICULARS.

> Where the complaint alleged that plaintiff was the owner and entitled to the immediate possession of 1,100 shares of certain stock, and that between certain dates defendants being then in possession thereof converted the stock to their own use, but does not allege that plaintiff ever had possession of the stock, or that it was taken from her possession or control, and the answer was a general denial, plaintiff should not be required to furnish a bill of particulars stating the date when plaintiff delivered or parted with the possession of the certificates of stock and each of them, or the date when they were taken from her possession; she making affidavit in opposition thereto that it was impossible for her to furnish such particulars, because she did not voluntarily part with such possession, but such certificates were taken from her possession without her consent.

Appeal from Special Term, New York County.

Action by Martha C. Farwell against David A. Boody and others. From so much of an order as required plaintiff to give a bill of particulars as to the date when she delivered or parted with certain certificates of stock, and the name of the person or persons to whom she delivered them, plaintiff appeals. Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John J. Crawford, for appellant.
George M. Mackellar, for respondents.

INGRAHAM, J. The complaint alleges that the plaintiff was the owner and entitled to the immediate possession of 1,100 shares of the capital stock of the Peoria & Eastern Railway Company, of the value of $110,000, and that between the 1st day of July, 1903, and the 1st of November, 1903, the defendants, at the city of New York, being then in possession of said stock and the certificates thereof, unlawfully converted and disposed of the same to their own use, and to the plaintiff's damage in the sum of $50,000. The answer was in form a general denial, and the defendants made an application to require the plaintiff to serve a bill of particulars. This motion was granted, and the plaintiff appealed from the fourth and fifth clauses of the order, which required her to state the date when the plaintiff delivered or parted with the possession of said certificates of stock and each of them, or the date when such certificates of stock and each of them were taken from the possession of the plaintiff without her consent, specifying whether such certificates of stock were delivered by the plaintiff, or

98 N.Y.S.—25

were taken from her possession without her consent. The plaintiff, in opposition to this motion, submitted an affidavit which stated that it was impossible for her to furnish these particulars, for the reason that she did not voluntarily part with such possession, but such certificates were taken from her possession without her consent.

I do not think that the plaintiff should be required to furnish these particulars. The complaint is based upon a conversion of the stock by the defendants, but there is no allegation that the plaintiff ever had possession of the stock, or that the stock was taken from her possession or control. She is entitled to maintain the action on proving that she was entitled to the possession of the stock and that the defendants converted it to their own use.

The order should be modified by striking out the fourth and fifth clauses, and, as modified, affirmed, with $10 costs and disbursements to the plaintiff. All concur.